ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **DOGS AND HUMANS LLC**<br><br>Recurrido<br><br>v.<br><br>**JAVIER PASTRANA MONSERRATE y OTROS**<br><br>Peticionarios | TA2026CE00661 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2024CV03911**<br><br>Sobre: Acción de Deslinde y Otros |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2026.

Comparece ante nos el señor Javier Pastrana Monserrate, la señora Ángela De Jesús y la Sociedad Legal de Gananciales compuesta por ambos (matrimonio Pastrana-De Jesús o los Peticionarios) mediante una Petición de *Certiorari* presentada el 23 de mayo de 2026. Nos solicita que revoquemos la *Orden* emitida y notificada el 13 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] Mediante el aludido dictamen, el foro primario declaró No Ha Lugar a la solicitud de eliminación de defensas afirmativas presentada por los Peticionarios.

Por los fundamentos que expondremos a continuación, expedimos el auto de *Certiorari* y revocamos la determinación recurrida.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 82.

**I.**

El caso de marras tuvo su génesis el 30 de abril de 2024, cuando Dogs and Humans LLC (Dogs and Humans o el Recurrido) presentó una *Demanda Enmendada* en contra de los Peticionarios sobre una acción reinvindicatoria y de deslinde.[2] En síntesis, el Recurrido alegó la existencia de una servidumbre de paso que grava su propiedad como finca sirviente. Explicó que la finca de los Peticionados se beneficia de la mencionada servidumbre, toda vez que su propiedad no tiene acceso a la vía pública. El Recurrido resaltó que, al final de su finca existe un portón que permite que los Peticionarios tengan acceso a la vía pública. Sin embargo, el Recurrido adujo que los Peticionarios colocaron un candado en el portón, lo cual impide el acceso libre y disfrute de su propiedad. Por lo cual, solicitó la reivindicación de la porción del terreno y se ordene el pago de honorarios, adicional al pago de costas y gastos del litigio.

Luego de varios trámites procesales, el 27 de febrero de 2026, los Peticionarios presentaron su *Contestación a Demanda Enmendada y Reconvención.*[3] Sostuvieron que la servidumbre de paso fue una condición *sine qua non* impuesta por la Administración de Reglamentos y Permisos (ARPE) para aprobar la segregación de su finca. Agregaron que la servidumbre está constituida a perpetuidad por lo cual el Recurrido viene obligado a respetarla. Mediante su reconvención, los Peticionarios solicitaron la declaración de la titularidad sobre la servidumbre de paso bajo la prescripción adquisitiva. Alegaron que estos, en conjunto con sus predecesores, han poseído la propiedad de forma pacífica, pública e ininterrumpida por más de cuarenta (40) años.

Por su parte, el 9 de marzo de 2026, el Recurrido instó su *Réplica a la Reconvención* en la cual argumentó que los Peticionarios

---

[2] *Íd.*, Entrada Núm. 2.
[3] *Íd.*, Entrada Núm. 69.

no adquirieron su propiedad mediante prescripción adquisitiva.[4] Explicó que, al ser una servidumbre discontinua, la posesión solo se adquiere en virtud de título. El Recurrido señaló que, ni los Peticionarios ni sus predecesores, poseyeron la servidumbre en concepto de dueño. Por último, el Recurrido levantó varias defensas afirmativas.

Consecuentemente, el 11 de marzo de 2026, los Peticionarios radicaron una *Solicitud de Eliminación de Defensas Afirmativas*.[5] Argumentaron que el Recurrido presentó sus alegaciones afirmativas en un listado que no está sustentado por ningún hecho que las corrobore. Ante lo cual, solicitó que las siguientes defensas afirmativas fueran eliminadas por incumplir con las disposiciones de la Regla 6.3 de Procedimiento Civil, 32 LPRA Ap. V., R. 6.3, a saber:

3. La reconvención de autos se presenta de forma tardía.
4. La demandada reconviniente ha actuado con mala fe en todo momento pertinente a los hechos y alegaciones de esta Reconvención.
22. La reconvención no aduce la existencia de una reclamación que justifique la concesión de un remedio a favor de la parte demandada reconviniente.
23. La parte demandada reconviniente no viene con las manos limpias al Tribunal.
24. La parte demandada reconviniente ha incurrido en abuso del derecho.
25. La reconvención es frívola y temeraria y su presentación constituye abuso de derecho.
26. La demandante ha actuado en todo momento como persona prudente y razonable.
27. Falta de jurisdicción sobre la materia.
28. La parte demandada reconviniente ha dejado de acumular partes indispensables.
29. La parte demandada reconviniente está recurriendo a la presente causa de acción con el propósito de enriquecerse injustamente de la parte compareciente.
30. La demandada reconviniente se ha cruzado de brazos.
31. Las causas de acción de la Reconvención están total o parcialmente prescritas.
32. Transacción.
33. Asunción de riesgo.
34. Fraude.
35. Impedimento colateral, estoppel y/o cosa juzgada.
36. Renuncia a la prescripción.
37. Incuria.
38. Novación.
39. La parte demandada reconviniente ha actuado con temeridad y se le deben imponer honorarios de abogado.

---

[4] *Íd.*, Entrada Núm. 71.
[5] *Íd.*, Entrada Núm. 73.

Posteriormente, el 30 de marzo de 2026, el Recurrido presentó su *Oposición a Moción Eliminatoria y Solicitud de Autorización para Réplica Enmendada.*[6] Arguyó que la Regla 6.3 de Procedimiento Civil, *supra*, no requiere que las defensas afirmativas estén acompañadas de una exposición narrativa o pormenorizada de hechos independientes. El mismo día, el Recurrido radicó *Réplica Enmendada a la Reconvención,* en la que enmendó las defensas afirmativas. En particular, consignó lo siguiente:

1. Se hacen formar parte de las defensas afirmativas todas las alegaciones de la Demanda y las contenidas en los párrafos 1 al 18 que preceden.
2. Cualquier alegación que no haya sido expresamente admitida, téngase por negada.
3. Desde el comienzo de este pleito el 30 de abril de 2024, la parte demandada ha abusado del proceso mediante la presentación de múltiples mociones de desestimación, así como una solicitud de sentencia sumaria. En todas las ocasiones ha sido desfavorecida. No fue sino hasta el 27 de febrero de 2026 que se presentó la Reconvención. Esta reconvención es tardía de acuerdo con la Regla 11 de Procedimiento Civil.
4. La demandada ha actuado con mala fe y temeridad en todo momento pertinente a los hechos de esta Reconvención, por lo que se solicita la imposición de honorarios de abogado. La parte demandante hizo múltiples gestiones extrajudiciales en vías de resolver la controversia, las cuales no rindieron fruto producto de la mala fe de los demandados quienes se han sostenido en una actitud desprovista de razonabilidad. La parte demandada gestionó una mensura y conoce que el resultado de ese trabajo pericial no le favorece. En el acceso a la finca 5074 al final de la carretera Los Romeros existe un portón de metal que divide la entrada de la finca de la vía pública. Los demandados, temerariamente, colocaron un candado en dicho portón que le impide a la demandante acceder libremente a su finca. Además, durante el trámite judicial, la parte demandada ha abusado del proceso mediante la presentación de múltiples mociones de desestimación, así como una solicitud de sentencia sumaria. En todas las ocasiones ha sido desfavorecida.
5. La parte demandada no ha adquirido la propiedad de la parte demandante por medio de la prescripción adquisitiva y/o usucapión. Por tal razón, la reconvención no aduce la existencia de una reclamación que justifique la concesión de un remedio a favor de la parte demandada. Es harto conocido que las servidumbres de paso son de naturaleza discontinua, ya que invariablemente se utilizan a intervalos más o menos largos de tiempo y dependen de los actos de los seres humanos para su aprovechamiento. Por tanto, es norma establecida que la servidumbre de paso, al ser discontinua, no es susceptible de adquirirse mediante

---

[6] *Íd.*, Entrada Núm. 77.

prescripción; sólo en virtud de título. No ha existido signo aparente.

6. La posesión para adquirir el dominio por usucapión ha de ser en concepto de dueño, además de continua, pública y pacífica. La parte demandada no ha cumplido con ninguno de los criterios de la usucapión.

7. Es poseedora en concepto de dueña la persona que actúa como verdadero titular por los actos que realiza en relación con la propiedad. La parte demandada no ha poseído la finca de la demandante en concepto de dueño. Tampoco lo hicieron sus predecesores.

8. En la alternativa, la parte demandada es una poseedora de mala fe.

9. La parte demandante posee justo título en concepto de dueño de la finca 5074. Por el contrario, la parte demandada no tiene justo título.

10. La usucapión ordinaria del dominio en perjuicio de tercero contra un título inscrito en el Registro de la Propiedad no tiene lugar sino en virtud de otro título igualmente inscrito, y el tiempo comienza a transcurrir desde la inscripción del segundo.

11. Ni la administración de la propiedad, ni la conservación y/o mantenimiento son actos que satisfacen los requisitos para la usucapión, ya que esta última requiere una posesión en concepto de dueño, continua, pública y pacífica.

12. No existe la usucapión ordinaria en este caso toda vez que la parte demandada no ha poseído con buena fe y justo título por el tiempo determinado en la ley. El dominio y demás derechos reales sobre bienes inmuebles prescriben por la posesión durante diez (10) años entre presentes y veinte (20) entre ausentes, con buena fe y justo título.

13. No existe la usucapión extraordinaria en este caso toda vez que la parte demandada no ha poseído por el tiempo determinado por la ley sin buena fe ni justo título. Prescribe el dominio y demás derechos reales sobre los bienes inmuebles por su posesión no interrumpida durante treinta (30) años, sin necesidad de título ni de buena fe.

14. La parte que alegue ser poseedora puede completar el tiempo necesario para la prescripción, uniendo al suyo el de su causante. En este caso, la parte predecesora de la demandada no es su causante, por lo que no procede unir su alegado tiempo poseyendo al tiempo de sus predecesores.

15. La posesión adquirida o mantenida con violencia no es útil para la usucapión, sino desde que cesa la violencia.

16. No aprovechan para la posesión los actos de carácter posesorio, ejecutados en virtud de licencia o por mera tolerancia del dueño.

17. La posesión alegada por la parte demandada se interrumpió para los efectos de la prescripción, natural o civilmente.

18. Se interrumpió naturalmente la alegada posesión por cesar en ella por más de un (1) año la parte demandada.

19. Se interrumpió la alegada posesión por el reconocimiento expreso y/o tácito que hicieron del derecho del dueño la parte demandada y/o sus predecesores.

20. La posesión alegada por la parte demandada se interrumpió por: (a) por su cese durante más de un (1) año; (b) por el emplazamiento o citación judicial hecha al poseedor, aunque sea por mandato de un tribunal sin competencia; (c) por el requerimiento judicial o notarial, siempre que, dentro de dos (2) meses de practicado, se presente ante el tribunal la demanda sobre posesión o

dominio de la cosa cuestionada; o (d) por reconocimiento expreso o tácito del derecho del dueño por parte del poseedor.

21. La parte demandada no viene con las manos limpias al Tribunal. La parte demandada gestionó una mensura y conoce el resultado de ese trabajo pericial, así como el trabajo pericial de la parte demandante. A sabiendas de que la prueba no le favorece, ha proseguido temerariamente y de mala fe. La parte demandante hizo múltiples gestiones extrajudiciales en vías de resolver la controversia, las cuales no rindieron fruto producto de la mala fe de los demandados quienes se han sostenido en una actitud desprovista de razonabilidad. En el acceso a la finca 5074 al final de la carretera Los Romeros existe un portón de metal que divide la entrada de la finca de la vía pública. Los demandados, temerariamente, colocaron un candado en dicho portón que le impide a la demandante acceder libremente a su finca.

22. La reconvención es frívola y temeraria y su presentación constituye abuso de derecho. Durante el trámite judicial, la parte demandada ha abusado del proceso mediante la presentación de múltiples mociones de desestimación, así como una solicitud de sentencia sumaria. En todas las ocasiones ha sido desfavorecida por sus argumentos frívolos, alejados del derecho aplicable. El Tribunal de Apelaciones tampoco les dio la razón a los demandados.

23. La demandante ha actuado en todo momento como persona prudente y razonable. La parte demandante gestionó una mensura previa a este litigio y su resultado sostiene las alegaciones de la demanda. Asimismo, antes de comenzar este pleito, la parte demandante hizo gestiones extrajudiciales con los demandados en vías de resolver la controversia, las cuales no rindieron fruto producto de la mala fe de estos, manteniéndose en una actitud desprovista de razonabilidad.

24. La parte demandada ha dejado de acumular partes indispensables. No son partes en este pleito ninguno de los titulares predecesores a los demandados, los cuales se sostiene que han tenido la posesión y administración del predio descrito en el párrafo 13 de la reconvención por espacio de más de 40 años.

25. La parte demandada está recurriendo a la presente causa de acción con el propósito de enriquecerse injustamente de la parte compareciente toda vez que se pretende apropiar de una finca que le pertenece a la parte demandante sin haber pagado por ésta.

26. La demandada se ha cruzado de brazos. Desde el comienzo de este pleito el 30 de abril de 2024, la parte demandada ha abusado del proceso mediante la presentación de múltiples mociones de desestimación, así como una solicitud de sentencia sumaria. En todas las ocasiones ha sido desfavorecida. No fue sino hasta el 27 de febrero de 2026 que presentó la Reconvención. Esta reconvención es tardía de acuerdo con la Regla 11 de Procedimiento Civil.

27. Las causas de acción de la Reconvención están total o parcialmente prescritas toda vez que no fueron presentadas dentro de los términos prescriptivos correspondientes.

28. La parte demandada asumió el riesgo al comprar una propiedad, a sabiendas de que la escritura y demás documentos registrales claramente establecen que existe una servidumbre de paso que le da acceso a la vía pública, y que esta servidumbre es parte del predio de la parte demandada, que es el predio sirviente, por lo que no es un espacio del cual son dueños.

29. Los demandados actúan fraudulentamente, actuando con malicia y con la intención de confundir, molestar e incomodar a la parte demandante, en aras de apropiarse ilegalmente de su propiedad, con el conocimiento de que no les pertenece.

30. Con sus actos previos, la parte demandada renunció a la defensa de prescripción adquisitiva, admitiendo directa y/o indirectamente que la parte demandante es la dueña del terreno.

31. La parte demandada ha incurrido incuria, dejadez y/o negligencia en el reclamo de sus alegados derechos. Desde el comienzo de este pleito el 30 de abril de 2024, la parte demandada ha abusado del proceso mediante la presentación de múltiples mociones de desestimación, así como una solicitud de sentencia sumaria. En todas las ocasiones ha sido desfavorecida. No fue sino hasta el 27 de febrero de 2026 que presentó la Reconvención. Esta reconvención es tardía de acuerdo con la Regla 11 de Procedimiento Civil.

32. Este Tribunal no posee jurisdicción sobre la causa de acción de usucapión reclamada por los demandados en su Reconvención.

33. La parte demandada está impedida de relitigar en este pleito las mismas causas de acción y controversias ya litigadas y adjudicadas en un pleito previo, así como aquellas que pudo haber litigado.

34. La parte compareciente se reserva el derecho a levantar cualquier otra defensa afirmativa que surja durante el descubrimiento de prueba.[7]

El 2 de abril de 2026, los Peticionarios instaron una *Moción Informativa sobre Réplica a Solicitud de Enmienda*.[8] A través de esta comparecencia, informaron al TPI que presentarían una oposición a la solicitud de enmienda del Recurrido, dentro del término dispuesto en la Regla 8.4, de Procedimiento Civil, 32 LPRA Ap. V, R. 8.4.

Analizadas ambas posturas, el 13 de abril de 2026, el foro primario emitió una *Orden* en la cual declaró No Ha Lugar a la *Solicitud de Eliminación de Defensas Afirmativas* presentada por los Peticionarios.[9] El mismo día, emitió una *Orden* en la cual dispuso "se toma conocimiento" sobre la *Réplica Enmendada a la Reconvención*.[10] Consecuentemente, emitió una *Orden*, referente a la *Moción Informativa sobre Réplica a Solicitud de Enmienda*, en donde expresó que "[e]l Tribunal atendió el asunto. Véase determinación de esta fecha".[11]

---

[7] *Íd.*, Entrada Núm. 78.
[8] *Íd.*, Entrada Núm. 79.
[9] *Íd.*, Entrada Núm. 82.
[10] *Íd.*, Entrada Núm. 84.
[11] *Íd.*, Entrada Núm. 86.

En desacuerdo, el 19 de abril de 2026, los Peticionarios presentaron una *Solicitud de Reconsideración* en la cual reiteraron que las defensas afirmativas plasmadas en la alegación responsiva del Recurrido no cumplen con los parámetros de la Regla 6.3 de Procedimiento Civil, *supra*.[12] El mismo día, instaron una *Solicitud de Desglose* en la cual arguyeron que, de denegar su solicitud de reconsideración, procedía que se ordene la eliminación de las defensas afirmativas a los fines de que sean claras, expresas y específicas.[13]

Posteriormente, el 23 de abril de 2026, el TPI emitió una *Orden* en la que declaró No Ha Lugar a ambas solicitudes.[14]

Inconforme, el 23 de mayo de 2026, los Peticionarios presentaron el recurso que nos ocupa e imputaron la comisión del siguiente error:

> Erró el TPI al negarse a eliminar las defensas afirmativas que no cumplieron con las claras disposiciones de la Regla 6.3 de Procedimiento Civil y permitir una enmienda a la Réplica a la Reconvención en violación a la referida Regla 6.3.

Oportunamente, el 5 de junio de 2026, el Recurrido presentó su *Alegato en Oposición a Expedición de Certiorari*.

Así, con el beneficio de la comparecencia de ambas partes y del expediente ante nos, procedemos a disponer del presente recurso, no sin antes delimitar la normativa jurídica aplicable.

## II.

### A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal. *Caribbean Orthopedics*

---

[12] *Íd.*, Entrada Núm. 87.
[13] *Íd.*, Entrada Núm. 88.
[14] *Íd.*, Entrada Núm. 89.

*Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174-175 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, delimita los asuntos aptos para revisión interlocutoria ante el Tribunal de Apelaciones mediante el recurso de *certiorari*. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, *supra*, pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019); *IG Builders v. BBVAPR*, 185 DPR 307, 336-337 (2012). La citada regla establece que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Regla 52.1 de Procedimiento Civil, *supra* (Énfasis suplido); véase además, *Scotiabank de Puerto Rico v. ZAF Corporation*, *supra*, pág. 487.

La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR*, *supra*, pág. 338. A pesar de lo anterior, la discreción no debe hacerse en abstracción del resto del derecho, sino que debe ejercerse de forma razonable con el propósito de llegar a una opinión justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Precisamente, la Regla 40 del

Reglamento del Tribunal de Apelaciones, *supra,* instituye los criterios que se deben tomar en consideración para poder ejercer sabiamente la facultad discrecional de expedir un auto de *certiorari.* Estos factores son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, *supra*, págs. 96-97.

**B.**

La Regla 6.3 de Procedimiento Civil establece que:

Al responder a una alegación, las siguientes defensas deberán expresarse afirmativamente: (a) Transacción, (b) Aceptación como finiquito, (c) Laudo y adjudicación, (d) Asunción de riesgo, (e) Negligencia, (f) Exoneración por quiebra, (g) Coacción, (h) Impedimento, (i) Falta de causa, (j) Fraude, (k) Ilegalidad (l) Falta de diligencia, (m) Autorización, (n) Pago, (o) Exoneración, (p) Cosa juzgada, (q) Prescripción adquisitiva o extintiva, (r) Renuncia y cualquier otra materia constitutiva de excusa o de defensa afirmativa. Estas defensas deberán

plantearse en forma clara, expresa y específica al responder a una alegación o se tendrán por renunciadas, salvo la parte advenga en conocimiento de la existencia de la misma durante el descubrimiento de prueba, en cuyo caso deberá hacer la enmienda a la alegación pertinente. 32 LPRA Ap. V, R. 6.3.

Mediante el ejercicio de negar las alegaciones en las que descansa la demanda, las defensas afirmativas procuran derrotar la reclamación presentada en su contra. *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 828 (2023); *RMCA v. Mayol Bianchi*, 208 DOR 100, 111 (2021). Generalmente, "toda defensa afirmativa no levantada en la correspondiente alegación afirmativa se renuncia". J. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 403. "Nuestro ordenamiento procesal no establece requisitos complicados para la redacción de una demanda. Meramente se exige que el escrito comprenda una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio". *León Torres v. Rivera Lebrón*, 204 DPR 20, 40 (2020). Del mismo modo, estas no requieren una réplica, empero, el tribunal puede requerirlas. *Cía. de Desarrollo Comer. v. American Fruits*, 104 DPR 90, 93 (1975).

Las defensas afirmativas sólo tienen el propósito de evitar que un reclamo contra estas prospere. *RMCA v. Mayol Bianchi, supra,* citando a *Bacardi Corp v. Torres Arroyo*, 202 DPR 1014, 1023 (2019). Entiéndase, "las defensas afirmativas sin suficiente especificidad, incoándolas de manera general y sin fundamentos, tiene el efecto de una renuncia, lo cual impide que puedan formularse posteriormente o sustituirse por una defensa similar". *Íd.*, págs. 110-111. Véase también, *Presidential v. Transcaribe*, 186 DPR 263 (2012).

### III.

En el caso que nos ocupa, los Peticionarios nos plantean que el foro primario incidió al declarar No Ha Lugar su *Solicitud de Eliminación de Defensas Afirmativas*, presentadas por el Recurrido,

toda vez que, según se argumenta, este último incumplió con la Regla 6.3 de Procedimiento Civil, *supra*. En síntesis, arguye que las defensas presentadas el 9 de marzo de 2026, en la *Réplica a la Reconvención*, entiéndase, las defensas número 3, 4, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38 y 39, no exponen una relación de hechos claros, expresos y específicos, por lo cual se entienden renunciadas.

Por su parte, en el *Alegato en Oposición a Expedición de Certiorari*, el Recurrido arguye que la sanción de eliminar defensas afirmativas constituye un remedio extraordinario que debe reservarse para circunstancias excepcionales. Por otro lado, señala que las defensas afirmativas levantadas guardan relación directa con los elementos esenciales de la reclamación del caso de epígrafe.

En primera instancia, debemos señalar que el asunto que se nos ha planteado no está comprendido dentro de la Regla 52.1 de Procedimiento Civil, *supra*. Ahora bien, los Peticionarios han logrado persuadirnos de que nuestra abstención apelativa en esta etapa de los procesal y sobre el asunto en controversia, constituiría un fracaso de la justicia.

Como antes mencionamos, toda defensa afirmativa no levantada en la correspondiente alegación afirmativa se renuncia. Aun cuando fuese formulada, las defensas afirmativas sin suficiente especificidad, incoándolas de manera general y sin fundamentos, tiene el mismo efecto de una renuncia, <u>lo cual impide que puedan formularse posteriormente o sustituirse por una defensa similar</u>.

Ciertamente, las defensas afirmativas impugnadas por los Peticionarios adolecen de especificidad, al haber sido consignadas de forma general y sin fundamentos por el Recurrido. Habida cuenta de lo anterior, una vez Dogs and Humans presentó su alegación responsiva, entiéndase la *Réplica a la Reconvención*, en la que formuló las defensas afirmativas con la deficiencia señalada,

renunció a las mismas. Reiteramos que, una vez renunciadas no pueden formularse posteriormente o sustituirse por alguna similar tal como se pretendió en la *Réplica Enmendada a la Reconvención*. Por lo cual, erró el TPI al denegar la *Solicitud de Eliminación de Defensas Afirmativas* instada por el matrimonio Pastrana-De Jesús.

**IV.**

Por los fundamentos que anteceden, expedimos el auto de *Certiorari* y revocamos la *Orden* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones